158

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD THORNTON, Defendant-Appellant.

(No. 11582; )

Fourth District—June 26, 1972.

James R. Streicker, of Defender Project, of Chicago, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (D. Bradley Blodgett, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was indicted on three counts of theft in excess of $150. A jury trial on Count II resulted in a verdict of guilty. A sentence of not less than 2 nor more than 10 years in the State Penitentiary was imposed upon this count. The defendant later entered a plea of guilty to Count I of the indictment, which involved a separate offense, and a like sentence was imposed, both sentences to run concurrently. Count III of the indictment was dismissed by the State. The defendant by this appeal asserts the single issue that the sentence imposed was excessive under the circumstances and this court acting under the authority of Supreme Court Rule 615 (b) 4 should reduce the sentence.

The evidence in this case shows that the defendant was involved in a stolen car transaction and that the criminal activity involved some substantial degree of sophistication. It appears that defendant purchased a salvaged Ford station wagon from a dealer in Springfield, Illinois and on the date of that purchase another Ford station wagon was stolen from its owner in Champaign, Illinois. Some days later, defendant traded a Ford station wagon with the same identification number as appeared on the salvaged station wagon to the used car dealer for a 1966 Pontiac. The station wagon that was traded was the stolen wagon, the identifica-

tion number of the salvaged wagon having been switched. The other count to which he entered a plea of guilty likewise was an automobile theft.

At the time of his conviction, the defendant was 23 years of age, had no prior felony conviction. The probation report did indicate that the defendant was absent without leave from the military service at the time of his arrest and that he had once been adjudicated a delinquent for theft of an automobile. This was explained by the defendant as having been a joy-riding incident. In mitigation the defendant explained the auto theft transaction as an accommodation activity by him as a favor for one Wayne Carlisle. The court denied probation and imposed the sentences now under review.

We affirm.

In *People v. Scott,* 117 Ill.App.2d 344, 253 N.E.2d 553, we observed: "The authority to reduce the punishment imposed by the trial court should not be used as a form of judicial clemency nor should it be used by an appellate tribunal to substitute its judgment as to the appropriate penalty for the judgment of the trial judge. If, however, such authority is utilized only when a sentence exceeds the statutorily authorized sentence, or where a sentence is clearly so excessive as to constitute a great departure from the spirit and purpose of the law or is oppressive, then we will have, by indirection, condoned disparate sentencing and thereby frustrated the intent and promise of appellate review of sentences incorporated in the Code of Criminal Procedure."

Measured by our observations in *Scott* and the oft-repeated observations of appellate courts, this and other districts, we cannot say that this sentence constitutes departure from the spirit and purpose of the law. Clearly, the denial of probation under the circumstances here present did not constitute an abuse of discretion. It is likewise clear from our review of this record that the trial court had before it, and considered, detailed information as to the offense and the offender. The sentence imposed with a two-year minimum and the desired spread between the minimum and the maximum leaves room both for institutional efforts at rehabilitation and parole supervision after penitentiary release. The date of that release, whether at the minimum or at a subsequent time, is in large part determined by the defendant's institutional conduct. We are not persuaded that the sentence here imposed is in the category where appellate reduction is warranted. Judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.